FILED'08 AUG 06 15:21USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 08-CR-196-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| **v.** | |
| **GERHARD GEISLER,** | |
| Defendant. | |

**KARIN J. IMMERGUT**
United States Attorney
**GARY Y. SUSSMAN**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

      Attorneys for Plaintiff

**DAVID H. ANGELI**
Hoffman Angeli LLP
1000 SW Broadway
Suite 1500
Portland, OR 97205
503-222-1125

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Compel (#22).  For the reasons that follow, the Court **DENIES** Defendant's Motion.


## BACKGROUND

On May 1, 2007, Bureau of Immigration and Customs Enforcement (ICE) agents contacted Defendant Gerhard Geisler at his residence following the agents' determination that the government had paid for subscription access to a number of commercial child-pornography websites from February through May 2003.  The ICE agents asked Defendant for consent to search his computer for images of child pornography.  According to the government, Defendant gave the agents limited consent to seize, but not to search, his computer.  The agents, therefore, seized only Defendant's computer "tower."

On May 31, 2007, Defendant's counsel informed the government that Defendant would not consent to a search of his computer.  As a result, ICE Special Agent Erin Burke prepared an application for a search warrant.  On June 29, 2007, Magistrate Judge Donald Ashmanskas issued the warrant and allowed a search of Defendant's computer for various items.

On April 1, 2008, ICE agents conducted a search of Defendant's residence pursuant to a search warrant issued by

Magistrate Judge Dennis Hubel on March 28, 2008.  During the search, the agents found a new computer.  According to the government, the ICE agents obtained consent to seize and to examine the new computer from Defendant's wife.

On April 22, 2008, a federal grand jury indicted Defendant for one count of Producing Child Pornography in violation of 18 U.S.C. § 2251(a), one count of Receiving Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), and two counts of Possessing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5).

On June 11, 2008, Defendant filed a Motion to Compel in which he seeks an Order requiring the government to produce full and identical "mirror image" copies of all electronic storage devices seized in connection with this case.  The government opposes Defendant's Motion on the grounds that the requested production is prohibited by 18 U.S.C. § 3509(m) and that the government has made the electronic storage devices "reasonably available" for  inspection and examination by defense counsel at the government's Northwest Regional Computer Forensic Laboratory (RCFL).

According to the government, the RCFL is a "fully-equipped, multi-agency computer forensics laboratory."  The government has specifically designated one room at the RCFL for use by any defense counsel and their forensic experts to review evidence

privately.  In this instance, the room is available to
Defendant's experts to view the imaged copies of the digital
evidence taken from Defendant's computers.  The room is equipped
with a desktop computer, a keyboard, four monitors, a telephone,
and high-speed Internet access.  The room is large enough to
accommodate at least four adults comfortably .

The computer in the designated room does not have any
operating system or software installed on it.  When an outside
expert wants to review forensic evidence, the RCFL installs a
"clean" version of the operating system on the computer together
with the expert's choice of forensic software.  Outside experts
can use the forensic software version currently in use at the
RCFL or can arrange to install a software version of their
choice.  Outside experts may install a security device such as a
"dongle," password protection, or tamper-protection software to
ensure their privacy while they work on the computer.  In the
alternative, outside experts can bring their own laptop computer
to the RCFL.  If additional equipment is needed and the RCFL has
it, the RCFL will make it available for use by the outside
expert.

The RCFL is open Monday through Friday, 8:15 a.m. to
5:00 p.m.  Outside experts can work freely in the review room
during those hours.  In the past, arrangements also have been
made for outside experts to work in the review room before or

after normal business hours.  Outside experts can reserve the review room for extended blocks of time and can securely store work in progress if they cannot finish all of their work in a given work session.  Outside experts also can return as often as needed to perform their analyses.

The RCFL is prepared to make and has made special accommodations for outside experts such as bringing in a special large-display monitor, purchasing special software, and making the review room available during trial and before and after normal business hours.  Outside experts also can bring in resource or reference materials.

Government agents do not monitor or observe the work performed by outside experts.  After the computer in the examination room is configured, outside experts work alone and unobserved.  They can meet privately at the RCFL with counsel and other members of the defense team.  After they have finished their examination, the review-room computer is "wiped" to ensure that no one can retrace the work performed by the expert. Outside experts also may copy files from the imaged copies and take the copied files from the RCFL as long as they do not copy or attempt to remove images of child pornography.

According to the government, a number of outside experts have performed examinations at the RCFL since the enactment of § 3509(m).  Although some defendants and/or experts have

complained about the inconvenience of going to the RCFL to

conduct an examination of materials and about the discovery costs

charged by the RCFL, to the government's knowledge no outside

expert has complained that they were unable perform an

examination or that the facilities or equipment were

insufficient.


## DISCUSSION

As noted, the government declines to provide to Defendant or

his experts the mirror-image copies sought and instead proposes

to provide copies of the electronic storage devices for

Defendant's experts to examine at RCFL.  According to the

government, this method is required under 18 U.S.C. § 3509(m).

Defendant, however, contends § 3509(m) violates his rights under

the Fifth and Sixth Amendments to the United States Constitution.

**I.    18 U.S.C. § 3509(m) generally.**

Section 3509(m) provides:

> (1) In any criminal proceeding, any property or
> material that constitutes child pornography (as
> defined by section 2256 of this title) shall
> remain in the care, custody, and control of either
> the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal
> Rules of Criminal Procedure, a court shall deny,
> in any criminal proceeding, any request by the
> defendant to copy, photograph, duplicate, or
> otherwise reproduce any property or material that
> constitutes child pornography (as defined by
> section 2256 of this title), so long as the
> Government makes the property or material

6 - OPINION AND ORDER

reasonably available to the defendant.

(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

Congress enacted § 3509(m) and other provisions of the Adam Walsh Act Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, 629 (July 27, 2006), to "protect children from repeat exploitation in child pornography" and to clamp down on the "multimillion dollar . . . interstate market in child pornography" that includes "a nationwide network of individuals openly advertising their desire to exploit children and to traffic in child pornography." Adam Walsh Act, § 501(1)(B). "Thus, the manifest purpose of § 3509(m) is to prevent the unnecessary distribution of child pornography used in connection with criminal trials." *United States v. Johnson*, 456 F. Supp. 2d 1016, 1017 (N.D. Iowa 2006).

## II.  **Defendant's rights under the Fifth Amendment in relation to § 3509(m).**

Defendant asserts § 3509(m) violates his due-process rights under the Fifth Amendment.  Defendant contends requiring his experts to conduct their analysis at RCFL creates the following burdens on Defendant:  (1) the risk that the files accessed by defense experts would be revealed to government agents,

7 - OPINION AND ORDER

(2) Defendant's legal team would not have unlimited access to the evidence, (3) defense experts would be impermissibly disclosed to the government, and (4) the costs of conducting the investigation would be higher.

"The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). "Due process guarantees that a criminal defendant will be treated with that fundamental fairness essential to the very concept of justice." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 872 (1982)(internal quotations omitted). "Restrictions on a criminal defendant's rights to confront adverse witnesses and to present evidence may not be arbitrary or disproportionate to the purposes they are designed to serve." *Michigan v. Lucas*, 500 U.S. 145, 151 (1991)(internal quotations omitted). In some cases, this includes the right to present evidence through expert witnesses. *See, e.g., Ake. v. Okla.*, 470 U.S. 68, 83 (1985).

Although the Ninth Circuit has not addressed whether § 3509(m) comports with due process, every court that has addressed the issue concluded § 3509(m) does not violate an individual's due-process rights under the Fifth Amendment. For example, in *United States v. Shrake*, the defendant filed a motion asking the district court to order the prosecutor to make a copy

of the defendant's hard disk so that the defendant's expert could
use his own forensic tools to analyze the contents. 515 F.3d
743, 745 (7th Cir. 2008). The district court denied the
defendant's motion pursuant to § 3509(m). *Id*. The defendant
appealed. The defendant alleged, among other things, that
§ 3509(m) violated his right to due process under the Fifth
Amendment. The Seventh Circuit upheld the district court's
ruling:

> [The defendant's] challenges to § 3509(m) . . .
> rest on the unstated assumption that the
> Constitution creates a right to pretrial discovery
> in criminal prosecutions. The Supreme Court has
> held, however, that defendants are not consti-
> tutionally entitled to discovery. *See Weatherford
> v. Bursey*, 429 U.S. 545, 559 (1977); *Gray v.
> Netherland*, 518 U.S. 152, 168 (1996). It is
> accordingly hard to see how limits on discovery
> could be unconstitutional-and impossible to see
> how a statute that qualifies its limit with a
> requirement that the evidence be "reasonably
> available to the defendant" before trial
> (§ 3509(m)(2)(A)) could be invalid.

*Id*.

Similarly, in *United States v. O'Rourke*, the court concluded
§ 3509(m) "properly construed, comports with due process." 470
F. Supp. 2d 1049, 1055 (D. Ariz. 2007). The court reasoned:

> The statute's denial of a defense team's
> possession of alleged child pornography is not
> absolute. Subsection (2)(A) requires that a
> defendant be denied possession only "so long as
> the Government makes the property or material
> reasonably available to the defendant." 18 U.S.C.
> § 3509(m). Subsection (2)(B) defines "reasonably
> available" to mean that "the Government provides
> ample opportunity for inspection, viewing, and

9 - OPINION AND ORDER

> examination at a Government facility of the
> property or material by the defendant, his or her
> attorney, and any individual the defendant may
> seek to qualify to furnish expert testimony at
> trial." *Id.* If the Government cannot satisfy
> these requirements - if it cannot make the alleged
> child pornography "reasonably available" to
> defense counsel and experts by providing them
> "ample opportunity" to inspect, view, and examine
> the material at a Government facility - then the
> statute does not require that the material be
> withheld.

*Id.* (citation omitted). The *O'Rourke* court then determined

§ 3509(m) "cannot be facially unconstitutional because its terms

square with the requirements of due process." *Id.* Accordingly,

the court examined whether the statute as applied to the

defendant violated his rights to due process. The defendant

asserted the government's conduct created the following problems:

(1) examination in a government facility could hinder the ability

of counsel, experts, and the defendant to speak freely about

possible defense strategies; (2) counsel would not have ready

access to the defendant's hard drive while preparing for trial;

(3) the sign-in requirements of the facility would provide the

government with the identity of the defendant's expert; and

(4) the cost of the expert would be much higher because he would

not be conducting the review at his own facilities. *Id.* at 1058-

59. The court, however, found the government had provided the

defendant with "ample opportunity" to inspect, to view, and to

examine the electronic storage device at issue at a government

facility. *Id.* at 1055-56. The court concluded, therefore, a

10 - OPINION AND ORDER

number of potential problems identified by the defendant were
negated by the government's efforts to provide a secure and
anonymous space for the defendant's experts to use, and,
accordingly, the defendant's rights to due process were not
violated.

In *Johnson*, the court rejected the defendant's claim that
§ 3509(m) infringed on his due process rights under the Fifth
Amendment.  The court noted in § 3509(m) that

> Congress adopted a reasonable measure to ensure
> that the child pornography used in criminal trials
> does not escape into the public domain.  Child
> pornography, like firearms and drugs, is
> contraband.  Indeed, the restrictions imposed by
> § 3509 are similar to those inherent in Federal
> Rule of Criminal Procedure 16(a), which permits a
> defendant to inspect, copy or photograph certain
> items in the government's "possession, custody, or
> control" but does not allow a defendant or his
> counsel to remove contraband from the government's
> possession.

*Id.* at 1019.

In several other cases, courts also have rejected concerns
similar to those raised by Defendant in this case.  *See, e.g.,*
*United States v. Butts*, No. CR 05-1127-PHX-MHM, 2006 WL 3613364,
at *2 (D. Ariz. Dec. 6, 2006)("When determining whether material
is reasonably available to a defendant [under § 3509(m)], the
applicable standard does not consider expense or location as
relevant factors."); *United States v. Burkhart*, No. CRIM. 06-14
ERIE, 2006 WL 2432919, at *1 (W.D. Pa. Aug. 21, 2006)("[T]he
relevant standard [under § 3509(m)] does not consider expense or

11 - OPINION AND ORDER

location of the expert as factors to consider when determining
whether the material is reasonably available to a defendant.");
*United States v. Gaynor,* No. 3:06 CR 86(CFD), 2008 WL 113653, at
*1-2 (D. Conn. Jan. 4, 2008) (providing the defense expert access
to the electronic storage devices at an FBI facility 15 miles
from the defense expert's office was "close enough" to allow the
expert to "work on other projects while waiting for steps to run
on the forensic investigation for [the defendant].").

    Nevertheless, Defendant contends the imbalance between his
access to the evidence and the government's access violates
Defendant's right to due process.  Defendant relies on *Wardius v.
Oregon,* 412 U.S. 470 (1973), to support his assertion.
The United States District Court for the District of Colorado,
however, elaborated on the *Wardius* decision and based its
rejection of an argument identical to the one made by Defendant
here on the Supreme Court's reasoning in *Wardius*:

> The imbalance that concerned the *Wardius* Court was
> . . . not [an] unequal distribution of access to
> evidence but those particular unequal distribu-
> tions that enable the Government to obtain from
> defense counsel exculpatory evidence while
> shrouding refuting evidence in secrecy.  No
> broader rule can be discerned.  There exists no
> general constitutional right to pretrial
> discovery.  Nor does due process necessarily
> require disclosure of evidence in a specific form
> or manner.  *Id.* . . . [the Defendant] argues . . .
> due process includes guaranteed access to and
> assistance of competent experts, who will
> investigate the case and prepare a defense.
> However, [the defendant does not] demonstrate[]
> . . . the Walsh Act forfends investigations by

12 - OPINION AND ORDER

defense experts.

*United States v. Sturm*, No. 06-CR-00342-LTB, 2007 WL 1453108, at
*8 (D. Colo. May 17, 2007)(internal citations omitted).

This Court finds the reasoning of the courts in these
decisions persuasive and concludes the government in this case
has demonstrated "reasonable availability" of the electronic
storage devices to Defendant.  The Court concludes, therefore,
that Defendant's rights to due process have not been and will not
be violated by the fact that the government retains the
electronic storage devices at issue at the RCFL.

Accordingly, the Court denies this aspect of Defendant's
Motion to Compel.

### III. **Defendant's rights under the Sixth Amendment in relation to § 3509(m).**

Defendant also contends § 3509(m) as applied here violates
his right to effective assistance of counsel under the Sixth
Amendment because he will not be able to meet and to confer
privately with counsel or defense experts or to prepare
effectively for trial.

Numerous courts have rejected the contention that § 3509(m)
violates a defendant's right under the Sixth Amendment to
effective assistance of counsel.  *See, e.g., Shrake*, 515 F.3d at
747-48; *Strum*, 2007 WL 1453108, at *9; *Johnson*, 456 F. Supp. 2d
at 1019-20.  This Court adopts the reasoning of these courts and
concludes Defendant, as noted, will receive ample opportunity to

13 - OPINION AND ORDER

inspect and to examine the devices at issue here.  The Court, therefore, concludes § 3509(m) does not violate Defendant's Sixth Amendment right to effective assistance of counsel under these circumstances.

Accordingly, the Court denies Defendant's Motion on this basis.

## IV.  Pre-trial designation of materials as child pornography.

Finally, Defendant contends the application of § 3509(m) to him in these circumstances violates the presumption of innocence guaranteed by the Fifth Amendment because whether material constitutes child pornography is a fact question to be decided by a jury at trial.  Defendant maintains, therefore, § 3509(m) does not apply here because the materials at issue have not yet been determined by a jury to be child pornography.

In *United States v. Battaglia*, the defendant similarly asserted

> because § 3509(m) applies to material that "constitutes child pornography," any application of that statute first requires . . .  the material be adjudicated and found to be child pornography, presumably by the same level of proof applicable at trial.  Without such a finding, Defendant argues . . . applying the statute would run afoul of the presumption of innocence afforded to criminal defendants, because merely applying the statute would be implicitly presuming that the material is, in fact, child pornography.

No. 5:07cr0055, 2007 WL 1831108, at *2 (N.D. Ohio June 25, 2007).
The court rejected the defendant's arguments:

14 – OPINION AND ORDER

> Whether the material is actually child
> pornography, as that term is defined by statute,
> is an element of the case the government must
> prove at trial.  Irrespective of § 3509(m), the
> government still bears the burden at trial to
> prove beyond a reasonable doubt that the material
> constitutes child pornography, a point that a
> defendant is free to challenge.  *See United States
> v. Renshaw*, 2007 WL 710239, at *1 (S.D. Ohio
> Mar. 6, 2007)(rejecting the same argument and
> finding that "Defendant can still prepare his
> case, and should he convince a jury that the
> government failed to meet its burden of proof in
> establishing beyond a reasonable doubt that the
> material constitutes child pornography, then he
> would be acquitted.").  Whe[n], as here, there is
> an indictment, a federal grand jury has already
> found probable cause to believe that the material
> at issue is child pornography.  That is suffi-
> cient.

*Id.*  The court also noted

> [d]eterminations regarding discovery are
> traditionally made during the pre-trial phase of
> criminal proceedings without resort to either a
> jury determination or even court involvement
> . . . .  There is no reason to believe that
> government assessments of allegedly pornographic
> material, aided by grand jury endorsements of at
> least some of those assessments, does not provide
> adequate protection to defendants whose cases are
> subject to § 3509(m).

*Id.*

   This Court finds the reasoning of *Battaglia* persuasive.  As

noted, whether the material here is actually child pornography as

a defined element of the offenses the government must prove at

trial is a different question than the discovery matters at issue

here.  The Court notes a grand jury indicted Defendant on one

count of Producing Child Pornography, one count of Receiving

15 - OPINION AND ORDER

Child Pornography, and two counts of Possessing Child Pornography and, thus, there already has been a determination that there is probable cause to believe at least some of the material at issue is "child pornography."  Like the *Battaglia* court, this Court finds there is not any "reason to believe that government assessments of allegedly pornographic material, aided by grand jury endorsements of at least some of those assessments, does not provide adequate protection to [Defendant] whose case[] is subject to § 3509(m)."  The Court, therefore, concludes the application of § 3509(m) does not violate the presumption of innocence guaranteed to Defendant by the Fifth Amendment.

Accordingly, the Court denies Defendant's Motion to Compel on this basis.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Compel (#22).

IT IS SO ORDERED.

DATED this 6th day of August, 2008.


_____
ANNA J. BROWN
United States District Judge


16 - OPINION AND ORDER